IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:09cr109-MHT |
| **LEONEL BRAVO-ZAMORA** | ) | (WO) |

## OPINION AND ORDER

This cause is before the court on defendant Leonel Bravo-Zamora's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for August 31, 2009, at 10:00 a.m. at the Dothan Federal Courthouse, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a

> defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Bravo-Zamora in a speedy trial.

Through counsel, Bravo-Zamora represents that because many of the witnesses in this case do not speak English, an interpreter is necessary for proper pre-trial investigation; and, because defense counsel is not from this county, he requests more time to conduct investigation and to secure an interpreter to assist him in interviewing witnesses and counseling his client. Bravo-Zamora further represented that his counsel and the government are in "productive talks"; allowing the defendant additional time may allow for this case to be settled without a trial.  Bravo-Zamora requests a continuance due to the logistical difficulties present and the continued negotiations between defense counsel and the government.

Accordingly, it is ORDERED as follows:

(1) Defendant Leonel Bravo-Zamora's motion for continuance (doc. no. 19) is granted.

(2) The jury selection and trial are now set for October 14, 2009, at 10:00 a.m. at the Dothan Federal Building and United States Courthouse, 100 West Troy Street, Dothan, Alabama.

DONE, this the 7th day of August 4, 2009.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**